IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Almond Scott, | CASE NO. 1:18-cv-01895 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Capital One Auto Finance, | |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF ALMOND SCOTT AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332, 1367, and 1711, Defendant Capital One Auto Finance ("Capital One") hereby removes this action—with reservation of all defenses and rights—from the Court of Common Pleas, Cuyahoga County, Ohio, Case No. 18-CV-900672, to the United States District Court for the Northern District of Ohio, Eastern Division. Removal is proper on the following grounds.

**I.      TIMELINESS OF REMOVAL**

1.      Plaintiff Almond Scott filed a Class Action Complaint against Capital One on July 13, 2018, in the Court of Common Pleas, Cuyahoga County, Ohio. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Summons, Plaintiff's Proof of Service, and Complaint, are attached as Exhibits A–E.

2.      Plaintiff served Capital One through Capital One's agent for service of process on July 18, 2018. *See* Exh. B. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed. *See id.*; Fed. R. Civ. P. 6(a)(1).

**II.         SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL**

3.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), over this action and all the claims Plaintiff asserts against Capital One,.

4.      Under CAFA, federal district courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire proposed class, exclusive of interest and costs; the putative class has at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant (*i.e.*, minimal diversity).  28 U.S.C. § 1332(d)(2), (d)(5)(B), and (d)(6).

5.      CAFA applies "to any class action."  *Id.* § 1332(d)(8).  This case is a "class action" under CAFA because it was brought under Rule 23 of the Ohio Rules of Civil Procedure. *Id.* § 1332(d)(1)(B); *see also* Exh. C, Compl. ¶¶ 40-48.

6.      Plaintiff seeks to represent a class of more than 100 individuals, the amount in controversy exceeds $5 million, and there is minimal diversity.

7.      Plaintiff purports to bring this case on behalf of two proposed classes.  The first proposed class consists of:  "all Ohio residents who:  (a) purchased a motor vehicle for personal . . . use during the period six years prior to filing of this complaint until the date of class certification; (b) as part of that purchase . . . entered into a retail installment sales agreement . . . [that] was assigned to Capital One; (c) where Capital One repossessed their vehicles and sent a 'Notice of Sale' . . . ; (d) where the Notice of Sale failed to state the correct date of sale." *Id.* Compl. ¶ 41.  The second proposed class consists of: "all Ohio residents who:  (a) purchased a motor vehicle for personal . . . use during the period six years prior to the filing of this complaint until the date of class certification; (b) as part of that purchase . . . entered into a retail installment

sales agreement . . . [that] was assigned to Capital One; (c) where Capital One repossessed their vehicles and sent the vehicle owner a 'Notice of Reinstatement'; (d) the Notice of Reinstatement included the full amount of the repossession charges in the amount demanded to reinstate the loan." *Id.* ¶ 42.

8. Plaintiff alleges violations of Ohio's Retail Installment Sales Act, R.C. §§ 1317.12 and 1317.16(B), Compl. ¶¶ 49-64, and Ohio's Uniform Commercial Code, R.C. §§ 1309.610 and 1309.614, Compl. ¶¶ 65-71. Her causes of action are based on allegedly deficient "Notices of Sale" and "Notices of Reinstatement" that Capital One allegedly sent to her and to the proposed class. *See* Exh. C, Compl. ¶¶ 49-71.

9. Plaintiff seeks an injunction preventing Capital One from "seeking to collect any alleged deficiency balances from class members"; "an order directing Capital One to repurchase the claimed deficiency debts of class members and to indemnify class members"; "an order of restitution and/or disgorgement . . . at least equal to all sums collected by Capital One for alleged deficiency balances following the disposition of repossessed motor vehicles"; "statutory damages . . . at least equal to the total amount of finance charges and ten (10%) percent of the principal amount borrowed for each and every class member"; "an order declaring that any alleged deficiency balances of class members are not owed"; and "pre-judgment interest and post-judgment interest to the extent permitted by law"; among other remedies. *Id.* Exh. C, Compl. at 12 ("Prayer for Relief").

10. Capital One denies any liability as to Plaintiff's and the proposed class's claims. It expressly reserves all of its rights. For purposes of meeting the jurisdictional requirements *only*, Capital One alleges on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, the Complaint alleges a class size in "the hundreds, if

not thousands," *id.* ¶ 43, there is minimal diversity because the putative class consists of Ohio "residents," at least one of which is a citizen of Ohio, and Capital One is a citizen of Virginia, and the deficiency balances Plaintiff has put at stake in this litigation exceed $5 million, exclusive of interest and costs, *see* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).[1]

### A. The Putative Class Consists Of More Than 100 Members.

11. Plaintiff alleges that the putative class consists of "hundreds, if not thousands" of individual members. Exh. C, Compl. ¶ 43. Capital One also has an independent, good-faith basis to allege that there are well more than 100 individuals who have an Ohio address, entered into retail installment sales agreements for motor vehicles with a dealer that were assigned to Capital One, and received a "Notice of Sale" and "Notice of Reinstatement" similar to the one Plaintiff received. Accordingly, while Capital One denies that class treatment is permissible or appropriate, based on the Complaint's allegations, the proposed class consists of well more than 100 members.

### B. The Amount In Controversy Exceeds $5 Million.

12. Capital One denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any relief. Capital One, alleges, for purposes of meeting the jurisdictional requirements for CAFA removal only, that Plaintiff's requested relief exceeds $5 million based on the deficiency balances at stake alone. Though not necessary, Capital One reserves the right to demonstrate Plaintiff's other requests for relief also place more than $5 million in controversy should Plaintiff challenge this removal in a motion to remand.

13. Plaintiff seeks an order that Capital One cannot collect any deficiency balances,

---

[1] Capital One's Notice of Removal "need not contain evidentiary submissions," and Capital One reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

and must refund any deficiency balances collected already, from Ohio residents who had a retail sales installment agreement assigned to Capital One and who received (1) a "Notice of Reinstatement" that "included the full amount of the repossession charges" from July 13, 2012 to the present, Exh. C, Compl. ¶¶ 42, 55-64; or (2) a "Notice of Sale" that "failed to state the correct date of sale," *id.* ¶¶ 41, 50–54; *see also id.* Prayer for Relief, ¶¶ C–E.

14. Capital One alleges in good faith, after a review of records of its accounts of customers with a physical Ohio address at the time of repossession whose vehicles were sold at auction from and after July 13, 2012, and which sales resulted in a deficiency balance, that the total value of the deficiency balances placed at stake by Plaintiff's allegations exceeds $25 million.

15. For the foregoing reasons, this case meets the jurisdictional amount in controversy. *See Dart*, 135 S. Ct. at 554 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**C. Minimal Diversity Exists Because The Putative Class Includes Ohio Citizens And Capital One Is A Citizen Of Virginia.**

16. CAFA's minimal diversity requirement is met if the plaintiff or "any member" of the proposed class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Plaintiff alleges she is a resident of Ohio. Exh. C, Compl. ¶ 1. Plaintiff seeks to represent a class consisting of other Ohio residents. *Id.* ¶¶ 41-42. Capital One alleges that among Plaintiff and her proposed class, there is at least one Ohio citizen, and many citizens of states other than Virginia.

18. Capital One is alleged to be a Texas corporation, *id.* ¶ 3, but it is a division of Capital One, N.A. Capital One, N.A. is a national bank, and, therefore, is a citizen "of the State

5

in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Capital One, N.A.'s headquarters and "main office," as identified in its Articles of Association, are in Virginia.  Accordingly, Capital One is a citizen of Virginia.

19. Because many of the Ohio "residents" in the putative class are not plausibly citizens of Virginia, minimal diversity exists.

### III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

20. Based on the allegations in this Notice, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(d) because:  (a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B); (b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B); (c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and (d) a member of the putative class is a citizen of a state different from Capital One as required by § 1332(d)(2)(A).

21. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

22. The United States District Court for the Northern District of Ohio, Eastern Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, *i.e.*, in the Court of Common Pleas, Cuyahoga County, Ohio. *See* 28 U.S.C. §§ 115(a) and 1441(a).

23. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Capital One are attached as Exhibits A–E.

24. Upon filing the Notice of Removal, Capital One will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of Court of

Common Pleas, Cuyahoga County, Ohio, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Capital One hereby removes to this Court the above action pending against it in the Court of Common Pleas, Cuyahoga County, Ohio.

Respectfully submitted,

*/s/ Paul R. Harris*
Paul R. Harris (0079538)
Gregory C. Djordjevic (0095943)
Ulmer & Berne LLP
1660 West 2nd Street
Suite 1100
Cleveland, Ohio 44113
Tel: (216) 583-7000
Fax: (216) 583-7001
pharris@ulmer.com
gdjordjevic@ulmer.com

Stuart M. Richter, applying pro hac vice
stuart.richter@kattenlaw.com
Gregory S. Korman, applying pro hac vice
greg.korman@kattenlaw.com
Andrew J. Demko, applying pro hac vice
andrew.demko@kattenlaw.com
Katten Muchin Rosenman LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone:    310.788.4400
Facsimile:    310.788.4471

*Attorneys for Defendant  Capital One Auto Finance*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2018, a true and correct copy of the foregoing Notice of Removal was sent to the following, listed below, via regular U.S. mail, postage prepaid:

Michael L. Fine
3684 Silsby Road
University Heights, Ohio 44118

Ronald I. Frederick
Michael L. Berler
Michael L. Fine
Frederick & Berler LLC
767 E 185th Street
Cleveland, Ohio 44119

*Attorneys for Ms. Scott*

Further, notice of this filing was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Paul R. Harris*
Paul R. Harris (0079538)
Gregory C. Djordjevic (0095943)
Ulmer & Berne LLP
1660 West 2nd Street
Suite 1100
Cleveland, Ohio 44113
Tel: (216) 583-7000
Fax: (216) 583-7001
pharris@ulmer.com
gdjordjevic@ulmer.com

Stuart M. Richter, applying pro hac vice
stuart.richter@kattenlaw.com
Gregory S. Korman, applying pro hac vice
greg.korman@kattenlaw.com
Andrew J. Demko, applying pro hac vice
andrew.demko@kattenlaw.com
Katten Muchin Rosenman LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone:    310.788.4400
Facsimile:    310.788.4471

*Attorneys for Defendant Capital One Auto Finance*