# EXHIBIT B



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tonya Edwards<br>Capital One Services<br>15000 Capital One Drive<br>Richmond, VA 23238 |

| | |
|---|---|
| **Entity:** | Capital One Auto Finance<br>Entity ID Number  2431664 |
| **Entity Served:** | Capital One Auto Finance |
| **Title of Action:** | Almond Scott vs. Capital One Auto Finance |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cuyahoga County Court of Common Pleas, Ohio |
| **Case/Reference No:** | CV18900672 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 07/18/2018 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Federal Express |
| Sender Information: | Ronald I. Frederick<br>216-502-1055 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18900672 | D1 FX | 35902657 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| ALMOND SCOTT | PLAINTIFF |
|---|---|
| VS | |
| CAPITAL ONE AUTO FINANCE | DEFENDANT |

## SUMMONS

CAPITAL ONE AUTO FINANCE
C/O ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
50 WEST BROAD STREET, SUITE 1330
COLUMBUS OH 43215

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

MICHAEL L FINE
3684 SILSBY ROAD

UNIVERSITY HEIGHTS, OH 44118

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

SHERRIE MIDAY
Do not contact judge. Judge's name is given for attorney's reference only.



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Jul 16, 2018 |

By_____
Deputy

COMPLAINT FILED   07/13/2018

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**July 13, 2018 09:54**

By: RONALD I. FREDERICK 0063609

Confirmation Nbr. 1437457

ALMOND SCOTT                                   CV 18 900672

      vs.

CAPITAL ONE AUTO FINANCE              **Judge:** SHERRIE MIDAY

Pages Filed:  17

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ALMOND SCOTT<br>15300 MAPLE PARK DR. Apt #3<br>MAPLE HEIGHTS, OH 44137 )<br> )<br> )<br> )<br>  Plaintiff )<br> )<br>  v. )<br> )<br>CAPITAL ONE AUTO FINANCE )<br>c/o its Registered Agent )<br>Corporation Service Company )<br>50 West Broad Street Suite 1330<br>Columbus, OH 43215<br><br>  Defendant. | CASE NO. :<br><br>JUDGE:<br><br>**CLASS ACTION COMPLAINT** |

NOW COMES Almond Scott ("Plaintiff" or "Ms. Scott"), on behalf of herself, and all others similarly situated, by and through undersigned Counsel, and files this Class Action Complaint against Capital One Auto Finance ("Capital One"), and states the following:

## **PARTIES**

1. Ms. Scott is an individual residing in Maple Heights, OH, and is a "Buyer" and a "Retail Buyer" " as defined by § 1317.01 (F) and (G) respectively and entered into a "Retail Installment Contract" as defined by §1317.01 (L) with Ganley Chevrolet.

2. Ms. Scott is also a "debtor" and "consumer obligor" as defined by the O.U.C.C., R.C. §1309.102(28)(59).

3. Plaintiff Capital One, a Texas corporation, registered to do business in Ohio, is in the business of accepting assignments of Retail Installment Sales Agreements from sellers of motor

1

vehicles, and Capital One took an assignment of the Retail Installment Sales Agreement, entered into between Ganley Chevrolet and the Almond Scott on or about September 6, 2014.

4.  Capital One was a "secured party" as defined by the O.U.C.C., R.C. §1309.102(72).

5.  The acts and practices of Plaintiff, hereinafter described, occurred in Cuyahoga County, Ohio.

## INTRODUCTION

6.  This class action seeks equitable and monetary relief to redress a deceptive pattern and practice of wrongdoing perpetrated by Capital One in failing to send post-repossession notices that comply with RISA and the Ohio Uniform Commercial Code (O.U.C.C.).

7.  Capital One routinely finances high rate auto loans for Ohio consumers by taking assignment of retail installment sales agreements from Ohio car dealers.

8.  Upon repossession, Capital One sends its borrowers form notices which expressly misstate and violate their statutory rights.

9.  This class action seeks equitable and monetary relief to remedy Capital One's violations of the Retail Installment Sales Act ("RISA") and the Ohio Uniform Commercial Code ("O.U.C.C.") in abrogating consumers' statutory rights upon repossession of their vehicles.

10. RISA and the O.U.C.C. form a complementary statutory scheme which mandates certain disclosures of consumer rights and requires creditors to follow specified procedures when repossessing and disposing of consumers' vehicles.

11. Ms. Scott seeks injunctive and other equitable relief, including an order directing Capital One to repurchase the claimed deficiency debts of class members and to indemnify class members, repair of the credit of all class members, and an award of appropriate damages, including return of

all improperly collected deficiencies pursuant to R.C. § 1317.16, R.C. § 1309.611/614, and compensatory and statutory damages, as provided by R.C. § 1309.625(C)(2).

## FACTS

12. On or around September 6, 2014, Ms. Scott purchased a 2011 Kia Optima, VIN# KNAGM4A78B5066126, from Ganley Chevrolet in Brook Park, Ohio. *See* Ex. 1, Buyer's Order.

13. Subsequently, Ganley assigned the loan financing the vehicle to Capital One.

14. On or about July 17, 2017, Capital One repossessed the vehicle.

15. On July 19, 2017, Capital One sent Ms. Scott, a "Notice of Sale," as required by R.C. 1317.16.

16. The Notice of Sale stated that Ms. Scott's car would be sold at a "public sale" on August 22, 2017. *See* Ex. 2, Notice of Sale.

17. However, the vehicle was sold at a much later date, on or around October 7, 2017, at an unknown location.

18. The failure to provide the correct date of sale is a violation of both RISA and the O.U.C.C.

19. In addition, Capital One sent a "Notice of Reinstatement" to Ms. Scott.

20. The Notice of Reinstatement included the full amount of the repossession charges in the amount required to reinstate the loan in violation of RISA, R.C. 1317.12, which requires that **only $25 of the repossession costs need be paid to reinstate a loan**, with the remainder added to the balance of the loan. *See* Ex. 3, Notice of Reinstatement.

21. Capital One included the **full amount of the repossession costs** in the Reinstatement Amount and labeled it: **"Total Reinstatement Amount,"** which would mislead the debtor into believing that that was the amount needed to reinstate the loan, when it was not.

22. Capital One thus violated R.C. 1317.12(C) by including the full amount of the repossession costs.

## APPLICABLE LAW

### Retail Installment Sales Act ("RISA")

23. R.C. 1317.16(B), which requires a Notice of Sale be sent to the debtor(s) prior to sale of the vehicle, states in pertinent part that:

> Disposition of the collateral shall be by public sale only. . . At least ten days prior to sale the secured party shall send notification . . . **of the time and place of such sale** ...

24. R.C. 1317.12, which requires a Notice of Reinstatement be sent to the debtor(s) subsequent to repossession, states in pertinent part:

> . . . the secured party shall. . . send to the debtor a notice setting forth specifically the circumstances constituting the default and the amount by itemization that the debtor is required to pay to cure the default . . . by delivering to the secured party the following:
>
> (A) **All installments due or past due** at the time of such delivery;
>
> (B) Any **unpaid delinquency or deferred charges;**
>
> (C) The **actual and reasonable expenses incurred by the secured party in retaking possession of the collateral provided** that any portion of such expenses which exceeds twenty-five dollars **need not be delivered to the secured party pursuant to this division, but shall be added to the time balance;**
>
> (D) **A deposit by cash or bond in the amount of two installments. . .**
>
> [Emphasis Added]

25. A secured party's failure to comply with the mandatory requirements of the RISA precludes it from lawfully collecting any deficiency from the borrower following disposition of the repossessed vehicle.

### Ohio Uniform Commercial Code ("O.U.C.C.")

26. R.C. § 1309.614(B) states that:

> The following form of notification of disposition, when completed, provides sufficient information:
>
>           \*   \*   \*
>
> (For a public disposition)
> We will sell (describe collateral) at public sale. A sale could include a lease or license. The sale will be held as follows:
>
> **Day and date:** ....................................................................
>
> Time: ............................................................................
>
> Place: ...........................................................................
>
> You may attend the sale and bring bidders if you want.
>
> [Emphasis Added]

60.      A secured party's failure to comply with the mandatory notice requirements of R.C. §§ 1309.613, and 1309.614, renders it liable to the borrower who financed consumer goods for statutory damages in the amount of the entire finance charge plus ten (10%) percent of the principal amount borrowed, pursuant to R.C. § 1309.625(C)(2).

### CLASS ALLEGATIONS

27. Capital One sent Ms. Smith and others similarly situated, Notices of Sale which violate both RISA and the O.U.C.C.

### Notice of Sale

28. Subsequent to repossession, Capital One sent Ms. Scott and similarly situated class members, a "Notice of Sale," as required by R.C. 1317.16.

29. However, those Notices of Sales misrepresent the date of sale.

30. In the case of Ms. Scott, the Notice of Sale stated that her car would be sold at a "public sale" on August 22, 2017. *See* Ex. 2, Notice of Sale.

31. However, the vehicle was sold at a much later date, on or around October 7, 2017 at an unknown location.

32. Thus, if Ms. Scott chose to attend the sale and bring bidders, she would have shown up on the wrong date, and she would have been deprived of the statutory rights mandated by R.C. 1317.12 and R.C. 1309.614.

### Notice of Reinstatement

33. Subsequent to repossession, Capital One sent Ms. Scott and other similarly situated class members a "Notice of Reinstatement."

34. The Notice of Reinstatement includes the full amount of the repossession charges in the amount required to reinstate the loan in violation of RISA, R.C. 1317.12, **which requires that only $25 of the repossession costs need be paid to reinstate a loan**, with the remainder added to the balance of the loan.

35. Capital One dropped a footnote stating that "Any of the Repossession costs shown above, which exceed $25 need not be delivered to Capital One to reinstate; if these fees are not paid they will be added to the balance of your account and remain payable."

36. This would not prevent a consumer from believing that the full amount of the repossession charges was required to reinstate the vehicle loan.

37. Indeed, a footnote would not cure the violation as R.C. 1317.12 which requires that the secured party state the amount "the debtor is required to pay to cure the default," and the debtor is not required to pay the full amount of repossession costs as part of the reinstatement amount.

38. **Capital One included the full amount of the repossession costs in the amount demanded from the debtor, which it labelled: "Total Reinstatement Amount."**

39. Capital One thus violated R.C. 1317.12(C) by including the full amount of the repossession costs.

40. Pursuant to Civ. R. 23 of the Ohio Rules of Civil Procedure Ms. Scott brings this action on behalf of herself and two classes of other persons similarly situated to remedy the on-going unlawful, unfair, and/or deceptive and willful business practices alleged herein, and to seek redress on behalf of all those persons who have been harmed thereby.

41. The **"Notice of Sale Class"** is composed of all Ohio residents who:

    a.  purchased a motor vehicle primarily for personal, family and/or household use during the period six years prior to filing of this complaint until the date of class certification;

    b.  as part of that purchase transaction entered into a retail installment sales agreement with an Ohio dealership where the retail installment sales agreement was assigned to Capital One;

    c.  where Capital One repossessed their vehicles and sent a "Notice of Sale" subsequent to the repossession;

    d.  where the Notice of Sale failed to state the correct date of sale.

42. The **"Notice of Reinstatement Class"** is composed of all Ohio residents who:

    a.  purchased a motor vehicle primarily for personal, family and/or household use during the period six years prior to the filing of this complaint until the date of class certification;

    b.  as part of that purchase transaction entered into a retail installment sales agreement with an Ohio dealership where the retail installment sales agreement was assigned to Capital One;

    c.  where Capital One repossessed their vehicles and sent the vehicle owner a "Notice of Reinstatement";

    d.  the Notice of Reinstatement included the full amount of the repossession charges in the amount demanded to reinstate the loan.

43. On information and belief, the proposed class size is in the hundreds, if not thousands, and is so numerous that joinder of all members would be impracticable. The exact size of the

Electronically Filed 07/13/2018 09:54 / / CV 18 900672 / Confirmation Nbr. 1437457 / CLJML

proposed class and the identity of the members thereof, are readily ascertainable from Capital One's business records.

44. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members. These questions include, inter alia:

    a.  whether the Notice of Reinstatement sent by Capital One included the full amount of the repossession charges in the amount needed to reinstate;

    b.  whether including the full amount of the repossession charges in the amount needed to reinstate the loan violates R.C. 1317.12;

    c.  whether the Notices of Sale failed to state the correct date of sale;

    d.  whether the failure to state the correct date of sale in the Notices of Sale violates R.C. 1317.16 and/or R.C. 1309.614.

45. Proof of a common set of facts will establish the liability of Capital One, and the right of each member of the two classes to recover.

46. Ms. Scott's claims are typical of the two classes they seek to represent, and they will fairly and adequately represent the interests of the classes.

47. Ms. Scott is represented by counsel competent and experienced in both consumer protection and class action litigation.

48. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Capital One and would establish incompatible standards of conduct for Capital One.

## FIRST CLAIM FOR RELIEF
(Violation of the Retail Installment Sales Act, R.C. 1317.16(B))
(Notice of Sale Stated An Incorrect Date of Sale)

49. Ms. Scott hereby incorporates by reference all facts, statements and allegations contained in the preceding paragraphs as though expressly re-stated and re-written herein.

50. On July 19, 2017, Capital One sent Ms. Scott, a "Notice of Sale," as required by R.C. 1317.16(B).

51. The Notice stated that the Ms. Scott's car would be sold at a "public sale" on August 22, 2017. *See* Ex. 2, Notice of Sale.

52. However, the vehicle was sold at a much later date, on or around October 7, 2017 at an unknown location.

53. This is a clear violation of R.C. 1317.16(B).

54. A holder's failure to comply with the mandatory requirements of the above precludes it from lawfully collecting any deficiency from the borrower following disposition of the repossessed vehicle.

## SECOND CLAIM FOR RELIEF
(Violation of the Retail Installment Sales Act, R.C. 1317.12)
(Inclusion of Full Repossession Charges in Reinstatement Amount)

55. Ms. Scott hereby incorporates by reference all facts, statements and allegations contained in the preceding paragraphs as though expressly re-stated and re-written herein.

56. R.C. 1317.12, in pertinent part provides that:

(C) **The actual and reasonable expenses incurred by the secured party in retaking possession of the collateral** provided that *any portion of such expenses which exceeds twenty-five dollars need not be delivered to the secured party pursuant to this division, but **shall be added** to the time balance. . .*

57. Upon information and belief, Capital One sent Ms. Scott and similarly situated class members a "Notice of Reinstatement." *See* Ex. 3

58. The Notice of Reinstatement included the full amount of the repossession charges in the amount required to reinstate the loan in violation of RISA, R.C. 1317.12, which requires that **only $25 of the repossession costs need be paid to reinstate a loan**, with the remainder added to the balance of the loan.

59. Capital One dropped a footnote stating that "Any of the Repossession costs shown above, which exceed $25 need not be delivered to Capital One to reinstate; if these fees are not paid they will be added to the balance of your account and remain payable."

60. This would not prevent a consumer from believing that the full amount of the repossession charges was required to reinstate the vehicle loan.

61. Indeed, a footnote would not cure the violation as R.C. 1317.12 requires that the secured party state the amount "the debtor is required to pay to cure the default," and the debtor is not required to pay full amount of the repossession costs as part of the reinstatement amount.

62. Nevertheless, Capital One included the full amount of the repossession costs in the amount demanded from the debtor and labelled it: "Total Reinstatement Amount."

63. Capital One thus violated R.C. 1317.12(C) by including the full amount of the repossession costs.

64. A holder's failure to comply with the mandatory requirements of the above precludes it from lawfully collecting any deficiency from the borrower following disposition of the repossessed vehicle.

### THIRD CLAIM FOR RELIEF
Violation of the O.U.C.C., R.C. 1309.610/1309.614
(Notice of Sale fails to State Correct Date of Sale)

65. Ms. Scott hereby incorporates by reference all facts and allegations contained in the previous paragraphs as though fully re-written and re-stated herein.

66. R.C. § 1309.614(B) states that:

> The following form of notification of disposition, when completed, provides sufficient information:
>
> \* \* \*
>
> (For a public disposition)
> We will sell (describe collateral) at public sale. A sale could include a lease or license. The sale will be held as follows:
>
> **Day and date:** ....................................................................
>
> Time: ............................................................................
>
> Place: ...........................................................................
>
> You may attend the sale and bring bidders if you want.

[Emphasis Added]

67. On July 19, 2017, Capital One sent Ms. Scott, a "Notice of Sale," as required by R.C. 1309.614(B).

68. However, the Notice of Sale misrepresented that Ms. Scott's car would be sold at a "public sale" on August 22, 2017. *See* Ex. 2, Notice of Sale.

69. In fact, the vehicle was sold at a much later date, on or around October 7, 2017 at an unknown location.

70. Consequently, Capital One violated this statutory notice requirement by providing the incorrect date of Sale

71. A secured party's failure to comply with the mandatory notice requirements of R.C. 1309.614, renders it liable to the borrower who financed consumer goods for statutory damages in the amount of the entire finance charge plus ten (10%) percent of the principal amount borrowed, pursuant to R.C. 1309.625(C)(2).

## PRAYER FOR RELIEF

WHEREFORE, Ms. Scott prays for judgment against Capital One and more specifically

for:

A. an order certifying this case as a class action, and certifying the proposed two classes as defined herein;

B. an order finding and declaring that Capital One's acts and practices as challenged herein are unlawful;

C. an order preliminarily and permanently enjoining Capital One from engaging in the practices challenged herein, and from seeking to collect any alleged deficiency balances from class members;

D. an order directing Capital One to repurchase the claimed deficiency debts of class members and to indemnify class members;

E. an order of restitution and/or disgorgement in an amount to be determined at trial which is at least equal to all sums collected by Capital One for alleged deficiency balances following the disposition of repossessed motor vehicles;

F. statutory damages, pursuant to R.C. 1309.625(C)(2), in an amount to be determined at trial, which amount is at least equal to the total amount of finance charges and ten (10%) percent of the principal amount borrowed for each and every class member;

G. an order declaring that any alleged deficiency balances of class members are not owed;

H. an order requiring Capital One and any of their agents, to remove any adverse credit information that they previously reported to credit reporting organizations regarding Defendants and the class;

I. pre-judgment interest and post-judgment interest to the extent permitted by law;

J. rescission of all of the transactions at issue and an order directing Capital One to restore to Ms. Scott and the class all money received from it;

K. an order granting such other and further relief as this Honorable Court deems just, equitable and appropriate.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (0063609)
Michael L. Berler (0085728)
Michael L. Fine (0077131)
Frederick & Berler LLC
767 E 185th Street
Cleveland, OH  44119
Email: ronf@clevelandconsumerlaw.com
Email: mike@clevelandconsumerlaw.com
Email: michaelf@clevelandconsumerlaw.com
Phone: (216) 502-1055
Fax: (216) 566-9400
Attorneys for Ms. Scott



ORIGIN ID:BKLA    (216) 443-7950
CCOC

1200 ONTARIO

CLEVELAND, OH 44113
UNITED STATES US

SHIP DATE: 16JUL18
ACTWGT: 1.00 LB
CAD: 106501655/WSXI2900

BILL SENDER

TO  **CAPITAL ONE AUTO FINANCE**
   **C/O ITS REGISTERED AGENT CORPORATIO**
   **50 WEST BROAD STREET, SUITE 1330**

   **COLUMBUS OH 43215**
   (216) 443-7950            REF: CV18900672
   INV: 35902657
   PO:                       DEPT:







FedEx
Express

**THU - 19 JUL 4:30P**
   **EXPRESS SAVER**
                    **DSR**

TRK#
0201  **7818 6601 7184**                    **43215**

**SX GQQA**                OH-US  **LCK**



Extremely Urgent